COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-392-CV

 

 

CHRIS-EARL: FIRMAN                                                          APPELLANT

 

                                                   V.

 

EVERMAN INDEPENDENT                                                       APPELLEES

SCHOOL DISTRICT AND 

TARRANT COUNTY                                                                             

 

                                              ------------

 

           FROM
THE 236TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Chris-Earl: Firman appeals
the trial court=s judgment
awarding appellees Everman Independent School District and Tarrant County
recovery for delinquent ad valorem taxes assessed against Firman=s manufactured home.  In seven
issues, Firman argues that the trial court had no authority to render the
judgment against him because Firman was not properly served with process and
his property was not subject to ad valorem taxes.[2]  We affirm.

First, Firman argues that he
was not properly served with process because he was not served in accordance
with procedural rule 117a, section 3.[3]  Section 3 provides for delinquent tax suits
to be served by publication on property owners who are not Texas residents or
whose names or residences are unknown.[4]  Firman is a Texas resident and his residence
is known; therefore, section 3 does not apply to him.  Instead, Firman was properly served with
citation under rule 117a, section 1.[5]


 








Next, Firman argues that only
income-producing tangible personal property is required to be rendered for
purposes of taxation[6]
and that, because his manufactured home was not rendered for taxation and is
not income-producing, it is not subject to ad valorem taxes.  We disagree.








The Texas Constitution
provides that Aall lands
and other property not rendered for taxation by the owner thereof shall be
assessed at its fair value by the proper officer.@[7]  Moreover, nothing in the tax
code requires nonincome-producing tangible personal property to be rendered for
taxation before the property is taxable.[8]  To the contrary, section 11.01 of the tax
code provides, AAll real and
tangible personal property that this state has jurisdiction to tax is taxable
unless exempt by law.@[9]    The state has jurisdiction
to tax real property if it is located in the state and jurisdiction to tax
tangible personal property that is located in the state for longer than a
temporary period or used continually in the state.[10]  Further, section 11.14 of the tax code
expressly provides that nonincome-producing manufactured homes are not
exempt from taxation.[11]

In this case, Firman=s manufactured home is subject to ad valorem taxes because it is
located in the state, at 5220 Banks Road, Fort Worth, Texas. Moreover,
appellees put on evidence of Firman=s assessed but unpaid ad valorem taxes on his manufactured home, plus
penalties and interest.  Firman did not
timely object to that evidence[12]
or offer any controverting evidence. 
Accordingly, we hold that the trial court did not err by rendering
judgment against Firman based on the unpaid taxes.

 

 

 








 

For these reasons, we overrule Firman=s issues and affirm the trial court=s judgment. 

PER CURIAM

PANEL
F:  CAYCE, C.J.; DAUPHINOT and WALKER,
JJ.

DELIVERED:  August 31, 2007                             











[1]See Tex. R. App. P. 47.4.





[2]In
his opening brief on appeal, Firman framed these complaints in terms of the
trial court=s
alleged lack of subject matter jurisdiction. 
In his reply brief, however, Firman argues:

 

My
argument is not that the court lacks subject matter jurisdiction to here [sic]
this case, or even rule in re of this case. . . .  He simply lacked the jurisdiction to rule the
way he did.

 

. . . The judge had all the jurisdiction
in the world as things occurred to make a ruling, he just made the wrong
judgment for the wrong reason.





[3]See Tex. R. Civ. P. 117a, ' 3.





[4]See
id.





[5]See Tex. R. Civ. P. 117a, ' 1
(governing the service of process of delinquent tax suits on known Texas residents).





[6]See Tex. Tax Code Ann. '
22.01(a) (Vernon Supp. 2006) (requiring a person to render for taxation all
income-producing tangible personal property). 





[7]Tex. Const. art. 8, ' 11.





[8]The
tax code merely provides that the chief appraiser has the discretion to require
a person to render for taxation Aany . . . taxable property
that he owns.@  Tex.
Tax Code Ann. ' 22.01(b).  For purposes of this opinion, we assume that
Firman=s
manufactured home is tangible personal property because a manufactured home can
fall into that category.  Id. ' 11.14(a);
see also id. ' 1.04(3-a).  Our disposition of the appeal would be the
same, however, if the manufactured home were real property.





[9]Id. ' 11.01(a)
(Vernon 2001); see also Tex.
Const. art. 8, '
1(b).





[10]Tex. Tax Code Ann. ' 11.01(b)B(c).





[11]Id. ' 11.14(a);
see Tex. Const. art. 8, '
1(d)(2) (providing that the legislature may not exempt from ad valorem taxation
structures that are substantially affixed to real property and used or occupied
as residential dwellings).





[12]Firman
affirmatively stated that he had no objection to Everman ISD=s
evidence.  After the County=s
evidence was admitted, Firman objected to it as irrelevant because Athere
has to be a rendition sheet on this property for the taxation.@  Because this objection was untimely, it
presents nothing for our review.  See
Ramirez v. H.E. Butt Grocery Co., 909 S.W.2d 62, 69 (Tex. App.CWaco
1995, writ denied).